IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHN M FOSTER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 5:23-CV-143-TES-CHW |
| | : | |
| COMMISSIONER TIMOTHY C. WARD, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

Presently pending before the Court are Objections and an Amended Complaint filed by *pro se* Plaintiff John M. Foster, an inmate incarcerated at the Washington State Prison in Davisboro, Georgia (ECF Nos. 7, 8). Plaintiff has the right to amend his Complaint as a matter of course at this early stage of the litigation. Fed. R. Civ. P. 15(a). As such, the May 16, 2023 recommendation to dismiss the claims in the original Complaint is **WITHDRAWN** (ECF No. 4). *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting that generally, an amended complaint supersedes the original complaint); *see also Newsome v. Chatham Cnty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) (per curiam) (objections to recommendation of dismissal that contained additional allegations against dismissed defendants should have been liberally construed as motion to amend complaint and granted).

As the Court previously explained to Plaintiff, the Federal Rules of Civil Procedure permit a plaintiff to join only related claims and defendants in a single complaint. The relationship between Plaintiff's various sets of claims remains obscure. Plaintiff continues to divide the claims in his Amended Complaint into at least six different categories. Accordingly, Plaintiff is

**ORDERED** to recast his Amended Complaint, in its entirety, on one of the Court's standard § 1983 forms to include only the related claims he wishes to pursue in this action. **Plaintiff may append no more than TEN (10) additional pages to the Court's standard form.** The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff that Plaintiff should use to comply with this Order.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit. Plaintiff must then list each defendant again in the body of his recast complaint and tell the Court exactly how that individual violated his constitutional rights. Plaintiff should state his claims as simply as possible and need not attempt to include legal citations or legalese. If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.

Plaintiff is cautioned that the opportunity to recast is not an invitation for him to include every imaginable claim that he may have against any state official. Plaintiff will not be permitted join claims against multiple defendants in one action unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and raise a "question of law or fact common to all defendants." Fed. R. Civ. P. 20 (a)(2). A claim arises out of the same transaction or occurrence only "if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). In addition, Plaintiff is reminded that he has accrued three "strikes" pursuant to 28 U.S.C. § 1915(g). Plaintiff must therefore establish that he is in imminent danger of serious physical injury if he wishes to proceed *in forma pauperis* in this action. Any allegations of imminent danger must also

be related to the violations of law alleged in the recast complaint.  *Daker v. Robinson*, 802 F. App'x 513, 515 (11th Cir. 2020) (per curiam) (finding that inmate did not sufficiently allege imminent danger because his "allegations of future harm . . . are both too speculative to meet the imminent danger standard and too attenuated from the crux of the complaint—that state actors mishandled his state cases").

**The recast complaint will supersede (take the place of) the original Complaint (ECF No. 1) and the Amended Complaint (ECF No. 8).**  The Court will not look back to the factual allegations in any prior pleadings, any other documents Plaintiff has filed in this case, or any pages in excess of the allotted ten pages attached to the recast complaint to determine whether Plaintiff has stated a cognizable constitutional claim.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit a recast complaint.  Plaintiff is reminded of his obligation to notify the Court of any change of address.  **Plaintiff's failure to fully and timely comply with this Order may result in the immediate dismissal of this action.**  There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 22nd day of June, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge