# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JOHN M. FOSTER,**<br><br>*Plaintiff,*<br><br>v.<br><br>**COMMISSIONER TIMOTHY C. WARD,** *et al.,*<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:23-cv-000143-TES-CHW** |

## ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION

On April 4, 2024, the United States Magistrate Judge issued an Order and Recommendation ("O&R") [Doc. 61], granting Plaintiff John M. Foster's Motion to Supplement [Doc. 50] in part and recommending that this Court deny the Motion in part and strike portions of Plaintiff's Proposed Supplemental Complaint [Doc. 50-1] and attached Declaration [Doc. 50-2]. The magistrate judge also recommended that the Court deny Plaintiff's Motion for Preliminary Injunction [Doc. 36], Motion for Medical Care Injunction [Doc. 51], and Motion for Legal Research Injunction [Doc. 60], as well as his Motion for Emergency Video Hearing [Doc. 59].[1]

---

[1] The magistrate judge also denied Plaintiff's motion for a ruling on his motion to supplement [Doc. 55] and his motion regarding service [Doc. 58]. [Doc. 61, pp. 2, 17–18].

Before Plaintiff's time for filing an objection expired, he requested an extension of time [Doc. 62], which the magistrate judge granted, giving him until May 8, 2024, to object. [Doc. 63]. On the extended deadline, Plaintiff filed an Objection [Doc. 67] but simultaneously—and without seeking leave from the Court—filed a new "Supplemental Amended Complaint" [Doc. 66] with a new attached declaration ("Second Declaration") [Doc. 66-1].

After careful review of each of Plaintiff's Objections, the Court **ADOPTS** the magistrate judge's O&R and **DENIES** Plaintiff's Motion to Supplement [Doc. 50] with regard to (1) his claims against Wellpath/CorrectCare for failure to provide him adequate medical care for shingles; (2) his claims against Defendant Barnard for retaliation; and (3) his conspiracy claim against all Defendants. As a result, the Court **STRIKES** the portions of his Proposed Supplemental Complaint [Doc. 50-1] and accompanying Declaration [Doc. 50-2] that pertain to those claims. The Court also **DENIES** Plaintiff's various requests for injunctive relief and for a video hearing. [Doc. 36]; [Doc. 51]; [Doc. 59]; [Doc. 60].

Before the Court gets to Plaintiff's Objections, however, it must first deal with the "Supplemental Amended Complaint" [Doc. 66] that Plaintiff filed on the same day he filed his Objections. Unlike Plaintiff's December "Proposed Supplemental Complaint," which Plaintiff filed alongside a Motion to Supplement, Plaintiff's May 8 "Supplemental Amended Complaint" was accompanied by no motion or any kind of request to amend

2

or supplement. *Compare* [Doc. 50], *with* [Doc. 66]. Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. Rule 15(a) states that if more than 21 days have passed since service of a pleading, a party must seek permission from the Court to amend it. Fed. R. Civ. P. 15(a). For supplemental pleadings (additions to a pleading about events occurring *after* the date of the pleading to be supplemented), the party also must seek permission from the Court before filing. Fed. R. Civ. P. 15(d). Because far more than 21 days has passed since service was executed in this action, Plaintiff needed permission from the Court to file his "Supplemental Amended Complaint." Although the magistrate judge granted in part his Motion to Supplement in December in its O&R, that does not give Plaintiff sweeping privilege to continuously file supplement after supplement. *See* [Doc. 61, pp. 17–18]; Fed. R. Civ. P. 15. Plaintiff must seek leave of Court every time he wishes to amend or supplement and must present his arguments to the magistrate judge. Accordingly, the Court **STRIKES** Plaintiff's Supplemental Amended Complaint [Doc. 66] and accompanying Second Declaration [Doc. 66-1] in their entirety.

      Now, having stricken the Supplemental Amended Complaint, the Court turns to Plaintiff's Objections to the magistrate judge's O&R. *See* [Doc. 67]. After conducting a de novo review of the portions of the O&R to which Plaintiff objected and reviewing the rest of the O&R for clear error, the Court agrees with the magistrate judge and adopts his recommendations.

## LEGAL STANDARD

Because Plaintiff filed an Objection to the magistrate judge's O&R, the Court is obligated to conduct a de novo review of the portions of the recommendation to which Plaintiff objected and to review all other portions of the O&R for clear error. 28 U.S.C. § 636(b)(1)(C). The Court has "broad discretion" when reviewing a magistrate judge's recommendation. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). A district court may consider arguments that were not raised in the first instance to the magistrate judge—or it may decline to do so. *Stephens v. Tolbert*, 471 F.3d 1173, 1174 (11th Cir. 2006); *Williams*, 557 F.3d at 1291–92 (explaining that a district court's discretion includes the "discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge"). The Court addresses Plaintiff's Objections below.

## DISCUSSION[2]

First, Plaintiff objects to the magistrate judge's "factual conclusions" on pages 10 through 11 of the O&R with regard to the timing of his medical treatment. [Doc. 67, p. 1]; *see* [Doc. 61, pp. 10–11]. Plaintiff seems to object to the magistrate judge's conclusion that Wellpath/CorrectCare did not provide him treatment for his shingles. See [Doc. 67, p. 1]. In his Objection, Plaintiff states that "Wellpath denied [him] medical care for the

---

[2] The Court **ADOPTS** the "Procedural History and Factual Allegations" section of the magistrate judge's O&R for purposes of this discussion. [Doc. 61, pp. 2–7].

4

shingles . . . through Ms. Clack . . . and the Pill Call Nurses." [*Id.*]. However, as the magistrate judge reasoned, "Plaintiff does not allege that Defendant Clack is a medical professional or an employee of either CorrectCare/Wellpath." [Doc. 61, p. 10 n.1]. In other words, there is no legal mechanism by which the Court could attribute Clack's actions to CorrectCare/Wellpath. Additionally, his claim against Defendant Clack for inadequate medical care for the shingles and his claim against Defendant Wellpath/CorrectCare are proceeding for further factual development. [Doc. 61, p. 1]. The Court rejects this first objection.

Next, Plaintiff seems to object to the magistrate judge's ruling with regard to his claims about not receiving a medically appropriate bunk in his cell at Dooly State Prison, where he is currently housed. *See* [Doc. 67, p. 3]. However, the magistrate judge already allowed this claim against Defendant Wellpath/CorrectCare to proceed, so Plaintiff's Objection is null. *See* [Doc. 61, p. 12]. The Court rejects Plaintiff's second objection.

Plaintiff's third "objection" is not an objection to anything in the magistrate judge's O&R—but instead simply provides "facts [that] have happened since the filing of the Supplemental Complaint" in December. See [Doc. 67, p. 4]. However, for the same reasons that the Court struck Plaintiff's "Supplemental Amended Complaint," the Court now disregards this objection. To supplement his pleadings with events that occurred after the filing of the pleading to be supplemented, Plaintiff must request leave

5

of the Court. *See* Fed. R. Civ. P. 15(d).

Fourth, Plaintiff objects to the magistrate judge's determination with regard to Plaintiff's retaliation claim. The magistrate judge allowed Plaintiff's retaliation claim against Defendants Deputy Warden Ward and Jackson to proceed for further factual development because Plaintiff's Recast Complaint alleged sufficient facts that those two Defendants treated him unfavorably *because* Plaintiff filed grievances. [Doc. 61, p. 13 n.4]; *see* [Doc. 10, pp. 7–8]. However, Plaintiff only lobbed conclusory allegations about causation with regard to the rest of the Defendants. [Doc. 61, p. 13]; *see* [Doc. 10, pp. 7–8]. In his fourth objection, Plaintiff alleges no new specific facts about any other Defendants with regard to his retaliation claim that might support the element of causation. *See* [Doc. 67, pp. 6–7]. Accordingly, the Court rejects this objection.[3]

Next, Plaintiff again raises his arguments about his conspiracy claim, which the magistrate judge recommended dismissing due to the lack of any facts supporting an agreement between the parties. [Doc. 67, pp. 8–9]; [Doc. 61, p. 14 (citing *Eubank v. Leslie*, 210 F. App'x 837, 842 (11th Cir. 2006) (explaining that to establish a prima facie case of conspiracy, a plaintiff must allege an agreement between the defendants))]. Although Plaintiff recounts his same argument about the prison budget being cut and inmates supplying grant money for the prisons, he alleges no new facts that would support the

---

[3] Additionally, to the extent that Plaintiff tries to add a new defendant in his Objection (Tyrone Oliver), he cannot do so and must seek leave to amend or supplement. [Doc. 67, p. 7]; *see* Fed. R. Civ. P. 15(a)(2), (d).

6

existence of an agreement between the Defendants to deprive inmates of their constitutional rights. *See* [Doc. 67, pp. 8–11]. Thus, because neither Plaintiff's Complaint [Doc. 10] nor his Objection alleges any facts supporting an essential element of a conspiracy claim, the Court rejects Plaintiff's objection and dismisses this claim.

Plaintiff next objects to the magistrate judge's recommendation regarding his multiple motions for injunctive relief and for a video conference. Plaintiff has two pending motions for a preliminary injunction requesting an order that he be provided with immediate medical care. [Doc. 36]; [Doc. 51]. He also requested an emergency video hearing to be heard on his various motions for injunctive relief [Doc. 59]. Because this case is at such an early stage and the facts have not been developed enough to conclude that there is a substantial likelihood that Plaintiff will ultimately prevail on the merits, the magistrate judge recommended that this Court deny his preliminary injunction motions. [Doc. 61, p. 16 (citing *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995))]. Further, the entity responsible for providing Plaintiff with medical care (Wellpath/CorrectCare) has not yet had the opportunity to respond. The Court agrees and **DENIES** his motions for preliminary injunctions and video hearing.[4]

Finally, Plaintiff objects to the "removing of anything from [his] Declaration."

---

[4] Plaintiff also moved for an injunction for prison officials to provide him with law library access [Doc. 60]. However, the magistrate judge recommended denying this motion because Plaintiff is currently housed at DSP, and none of the current Defendants are DSP officers. [Doc. 61, p. 16]. Plaintiff's "Supplemental Amended Complaint" [Doc. 66], which attempts to add several parties, including DSP officials, is stricken from the record. Plaintiff must obtain permission to add these parties before he can move for an injunction against them. The Court, therefore, **DENIES** this motion [Doc. 60] as well.

[Doc. 67, p. 12]. It seems that by this, Plaintiff means to object to the Court striking paragraphs from his Proposed Supplemental Complaint and accompanying Declaration. *See* [*id*.]; [Doc. 61, p. 18]. However, striking those portions of his Supplemental Complaint and Declaration is simply a natural consequence of denying in part his Motion to Supplement. The Court, therefore, rejects this final objection.

## CONCLUSION

After careful review of each of Plaintiff's Objections, the Court **ADOPTS** the magistrate judge's O&R [Doc. 61] and **MAKES IT THE ORDER OF THE COURT**. Accordingly, the Court **DENIES** Plaintiff's Motion to Supplement [Doc. 50] with regard to (1) his claims against Wellpath/CorrectCare for failure to provide him adequate medical care for his shingles condition; (2) his claims against Defendant Barnard for retaliation; and (3) his conspiracy claim against all Defendants. As a result, the Court **STRIKES** the portions of paragraphs 3–4, 7–9, 10–11, and 14–17 of his Proposed Supplemental Complaint [Doc. 50-1] and paragraphs 21–23 of his accompanying Declaration [Doc. 50-2]. The Court also **DENIES** Plaintiff's multiple requests for injunctive relief and for a video hearing. [Doc. 36]; [Doc. 51]; [Doc. 59]; [Doc. 60].

Finally, because Plaintiff did not request leave from the Court to file his "Supplemental Amended Complaint," the Court **STRIKES** it [Doc. 66] and the accompanying Second Declaration [Doc. 66-1] in their entirety. If Plaintiff wishes to amend or supplement his Complaint again, he must seek permission from the Court

and put his arguments to the magistrate judge. *See* Fed. R. Civ. P. 15(a)(2), (d).

    **SO ORDERED**, this 15th day of May, 2024.

                                  S/ Tilman E. Self, III
                                  **TILMAN E. SELF, III, JUDGE**
                                  **UNITED STATES DISTRICT COURT**