IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHN M. FOSTER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | Case No. 5:23-CV-143-TES-CHW |
| | : | |
| COMMISSIONER TIMOTHY C. WARD, *et al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER

Presently pending before the Court is a motion filed by *pro se* Plaintiff John M. Foster seeking permission to supplement or amend his complaint. (Doc. 69). Plaintiff previously attempted to supplement his complaint without first seeking permission to do so (Doc. 66), but the supplemental complaint was stricken by the Court in its order adopting a second screening recommendation. (Doc. 68, pp. 7, n. 4). In the instant motion, Plaintiff now seeks leave to resubmit the supplemental amended complaint that was stricken from the record. (Docs. 66, 69). As explained below, because Plaintiff's supplemental amended complaint presents no viable claims, Plaintiff's motion for permission to re-submit his proposed supplemental amended complaint (Doc. 69) is **DENIED as futile**.

In his now-stricken supplemental amended complaint (Doc. 66), Plaintiff sought to add Georgia Department of Commissioner Tyrone Oliver, Dooly State Prison Warden Samson, Dooly State Prison Deputy Warden of Care and Treatment Chaney, and Wellpath, LLC. (*Id.*, p. 2-3). He broadly alleges (1) that all named defendants have retaliated against

him for demanding humane housing and medical care, (2) that all defendants are involved in a "'conspiracy' to keep state prisons packed with inmates, who are supplying the prison system with operating funds through their federal grant and social security eligibility…" which leads to denials of all inmates services and overcrowding, (3) that unspecified persons have denied his ability to be present in court, (4) that unspecified persons have subjected plaintiff to elder abuse, and (5) that there have been due process violations related to his consideration for parole. (*Id.,* p. 3-6). As discussed below, a supplemental complaint to add these defendants and broad, nonspecific claims is not warranted.

Plaintiff previously made similar conspiracy claims, which were not permitted to move forward for factual development. His conspiracy claims were dismissed both in this case and in another case. *See* (Doc. 61, p. 14-15) (discussing claims dismissed claims in *Foster v. United States*, 5:22-cv-424-TES-CHW, 2023 WL 2602499, at *3 (M.D. Ga. Mar. 22, 2023)); (Doc. 68) (adopting the recommendation). Plaintiff presents no new argument or basis for his conspiracy claims, and his attempts to add these new defendants to this suit do not make these claims viable.

The other supplemental claims also are not viable. Plaintiff already has pending claims against Wellpath/CorrectCare, and Plaintiff's supplemental complaint provides no further basis for additional claims beyond what has already been screened by the Court. As to the remaining claims about Plaintiff's consideration for parole or alleged retaliation while in prison, those claims have already been screened. For instance, retaliation claims against Defendants Ward and Jackson are already proceeding in this case. (Doc. 61, p. 13,

n. 4). Plaintiff provides no specific instances of retaliation by the new defendants he seeks to add.

Because Plaintiff's supplemental claims have already been considered or otherwise are not viable, there is no basis for the supplemental amended complaint (Doc. 66) to be revived. Therefore, Plaintiff's motion for permission to re-submit his proposed supplemental amended complaint (Doc. 69) is **DENIED as futile**.

**SO ORDERED**, this 20th day of June, 2024.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge