IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHN M FOSTER, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | :    Case No. 5:23-CV-143-TES-CHW |
| | : |
| COMMISSIONER TIMOTHY C WARD, *et al.*, | :    Proceedings Under 42 U.S.C. § 1983 |
| | :    Before the U.S. Magistrate Judge |
| Defendants. | : |
| | : |

**ORDER**

*Motion to Compel as to Defendants Ward and Jackson (Doc. 70)*

Plaintiff seeks to compel discovery from Defendants Ward and Jackson. (Doc. 70). In compliance with Rule 37 of the Federal Rules of Civil Procedure and Local Rules, Plaintiff states that he has conferred with defense counsel about the issues concerning the Defendants' discovery responses. (*Id*., p. 1); *see also* (Doc.75) (confirming that the parties discussed discovery matters at Plaintiff's deposition and by phone, but denying they discussed all the issues raised in Plaintiff's motion). Plaintiff argues that Defendants failed to answer certain requests and that the responses that were provided were printed on both sides of the paper and difficult to read.

Plaintiff's motion was filed outside the discovery period. The discovery period as to Defendants Ward and Jackson closed on March 27, 2024, and Plaintiff's motion to compel was submitted on May 20, 2024. In addition, Defendants argue that Plaintiff exceeded the permissible number of discovery requests. (Doc. 77, p. 1-2). Plaintiff

1

apparently acknowledged this fact, and at the very least, has not denied it through a response to the Court. (*Id.*); *See generally Docket*. Defendants were under no obligation to answer additional requests, and the Court finds no reason to permit additional discovery in this matter.[1] Based on the record before the Court, there is no basis to compel Defendants to submit additional discovery responses as requested. Plaintiff's motion to compel (Doc. 70) is therefore **DENIED**.

Although Plaintiff did not file a reply to the motion to compel, he did respond to Defendants' pending motion for summary judgment, to which he attached portions of the discovery responses. (Doc. 77). The Court agrees with Plaintiff that many pages are difficult to read. Therefore, defense counsel is **DIRECTED** to resend the discovery responses to Plaintiff on single-sided pages, within 14 days of this order. Defense counsel is also **DIRECTED** to file a duplicate copy of Plaintiff's movement history (Doc. 77-4, p. 1-2) and Defendants' responses to Plaintiff's discovery requests (Doc. 77-4, p. 49-64) as a courtesy to the Court.

*Motion for Leave to File Second Supplemental Complaint (Doc. 81)*

Plaintiff's active claims in this matter stem from his incarceration at Washington State Prison (WSP). (Docs. 10, 15, 21). Plaintiff now seeks leave to file a second supplemental complaint to add claims relating to his medical treatment, conditions of confinement, and access to the law library during his incarceration at Dooly State Prison

---

[1] The Court notes that Defendants responded to a second set of requests for production of documents despite having no obligation to do so (Doc. 77, p. 2, n. 2), Plaintiff has not filed any reply or response to indicate that these documents were not adequate.

(DSP). (Doc. 81). Plaintiff previously tried to add similar claims against similar defendants, but that request was denied. (Docs. 61, 66, 69, 76). In the current motion, Plaintiff asserts his supplemental claims are continuing violations that arise out of the same transaction as his pending claims and should be allowed to proceed under Rule 20(a) of the Federal Rules of Civil Procedure. (Doc. 81-1, p. 3). As explained below, Plaintiff seeks to join disconnected defendants and claims into a single cause of action.

In addition to supplemental claims against Wellpath/Correct Care, Plaintiff seeks to add DSP Warden Samson, DSP Deputy Warden of Care and Treatment Chaney, and DSP Medical Officer Brown for claims of deliberate indifference regarding inadequate medical treatment, conditions of confinement claims concerning the adequacy of his housing and food, and denial of law library and court access. (Doc. 81-1, p. 3-6). Since the original screening recommendation, Plaintiff has been permitted to supplement or add claims. He has added a claim against Defendant Clack, a medical officer at WSP, for preventing treatment of his shingles in November 2023 and December 2023; and has supplemented his claims against Wellpath/Correct Care, which is also the medical contractor for DSP, to include the failure to treat his shingles once he arrived at DSP. (Docs. 50, 61). Other than the supplemented claim against Wellpath/Correct Care, all Plaintiff's claims involve occurrences at WSP and do not include any claims against DSP staff.

While Plaintiff's operative complaint and proposed supplemental complaint assert issues related to his medical care, the proposed second supplemental complaint deals with separate causes of action that occurred at DSP and are not connected directly to events that occurred at WSP. The proposed supplemental complaint fails to explain why claims arising

3

on different dates involving conduct by different officials at a different prison should be joined together in a single cause of action. The proposed claims are not sufficiently similar and do not arise out of the same transaction or occurrence underlying the claims in his operative complaint as contemplated by Rule 20(a). Therefore, Plaintiff's motion for leave to file a second supplemental complaint (Doc. 62) is **DENIED**.

*Motion for Injunction (Doc. 84)*

Plaintiff again seeks injunctive relief, asking the Court to order non-party, DSP officials to provide specific medical care, assign a certain diet and bunk profile, provide legal supplies, and increase law library time. (Doc. 84). Plaintiff has made similar motions several times throughout this case (Docs. 36, 51, 60), and each motion has been denied. (Docs. 61, 68). Plaintiff's current request does not change the reasoning underlying the past denials. For the reasons previously explained, Plaintiff's motion for injunction (Doc. 84) is **DENIED**.

*Defendant Taylor*

Plaintiff's complaint mentions two individuals separately but both with the same last name, Medical Director Taylor and Dr. Taylor, and the docket lists two separate individuals, as well. The screening recommendation mentioned and considered claims against only one individual named Taylor, presumably Dr. Taylor, who provided direct medical care to Plaintiff. *See* (Doc. 15, p. 4-8). Although docket notations for service paperwork describe Taylor in both capacities as a doctor and a medical director (Docs. 16, 22, 28, 31), the actual summons uses "Dr. Taylor." If Medical Director Taylor is a separate person, no claims have been permitted to move forward against him. Therefore, the Clerk

of Court is **DIRECTED** to terminate "Taylor, *Medical Director, Correct Care*" on the docket. Defendant "Taylor, *Doctor at Correct Care*" remains active.

Dr. Taylor was personally served at Washington State Prison on November 6, 2023. (Doc. 39). No answer or responsive pleading has been filed. Therefore, Dr. Taylor is in default. The Clerk of Court is **DIRECTED** to enter default against him. The Court will later direct Plaintiff to file a motion for default judgment once all Defendants have been served. Plaintiff is not required to submit a motion for default judgment at this time.

*Status of Defendants Clack and Wellpath/Correct Care*

In at least one of his pending motions, Plaintiff requests that Defendants Clack and Wellpath/Correct Care be served. Service paperwork was recently issued and mailed for these defendants on August 8, 2024. (Doc. 82, 83). No proof of service has been returned to the Court. *See Docket*.

*Remaining Defendants on the Docket Against Whom No Claims Are Pending*

Following screening of the operative complaint and consideration of Plaintiff's other amendments and supplemental complaints, no claims have been permitted to move forward against several defendants who remain active on the docket. In effort to streamline this multi-defendant case, the Clerk of Court is hereby **DIRECTED** to terminate Defendants Wilkes, Lewis, Harris, and John/Jane Does.

**SO ORDERED**, this 16th day of September, 2024.

s/ Charles H. Weigle_____<br>
Charles H. Weigle<br>
United States Magistrate Judge