IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHN M FOSTER, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Case No. 5:23-cv-143-TES-CHW |
| | : | |
| COMMISSIONER TIMOTHY C WARD, *et al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER AND RECOMMENDATION

Pending before the Court is Plaintiff's request for extension of time (Doc. 98), in which Plaintiff requests several forms of relief. He primarily requests an extension of time to object or respond to a Court order entered on September 16, 2024. (Doc. 88). Plaintiff's request for extension of time to object is **GRANTED in part** and his objection is due on November 8, 2024.

Plaintiff also complains that Defendants have not complied with the Court's instructions to re-send discovery. *See* (Doc. 88, p. 2). Defendants have filed a notice of compliance with the Court's order, which includes a certificate of service showing that the documents were mailed on September 16, 2024, along with copies of the responses provided. (Doc. 89). Plaintiff concedes that he received this response, but Plaintiff appears to request additional documents. (Doc. 98, p. 3). Defendants' response is consistent with the Court's order, which denied Plaintiff's request to compel production of additional documents.

Plaintiff also requests that this matter be certified as a class action and seeks several forms of relief that are analogous to injunctive relief. For example, he asks to be protected from further transfers while his case is pending, to be given one hour per week on the computer at his current

1

prison, to be given a specific cell assignment and bunk profile, and to be transported for healthcare. For the reasons explained below, these requests are not proper.

As to Plaintiff's request that this case be considered for class-certification, it is well-settled that a *pro se* prisoner, who is unskilled in the law, cannot serve as an adequate class representative. *Ponton v. McNeil*, 2010 WL 5463003 at * 1 (N.D. Fla. Dec. 29, 2010) (citing *Flymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (non-attorneys proceeding *pro se* cannot adequately represent a class)); *see also, Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) (citing *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) and *Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) to explain why a *pro se* inmate could not represent or petition for the rights of his fellow inmates). Plaintiff's further requests for injunctive relief have been previously considered and denied by this Court. (Docs. 61, 68, 88). For the reasons previously explained, it is recommended that Plaintiff's requests for injunctive relief be denied

Accordingly, it is **RECOMMENDED** that Plaintiff's request for extension (Doc. 98) be **GRANTED in part** as noted above and that it be **DENIED in part** to the extent that he seeks injunctive relief or to certify this case as a class action.

**SO ORDERED AND RECOMMENDED**, this 15th day of October, 2024.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge