IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHN M FOSTER, | : |
| Plaintiff, | : |
| v. | : Case No. 5:23-CV-143-TES-CHW |
| COMMISSIONER TIMOTHY C WARD, *et al.*, | : Proceedings Under 42 U.S.C. § 1983<br>: Before the U.S. Magistrate Judge |
| Defendants. | : |

## ORDER AND NOTIFICATION OF MOTION TO DISMISS

*Plaintiff's Request for Permission to File Surreply Motion (Doc. 133)*

Plaintiff seeks permission to file a surreply to Defendant Asia Cliett's motion for summary judgment and has attached the proposed surreply brief. (Doc. 133). In his request to file and in the proposed brief, Plaintiff also asks for additional relief. Plaintiff's request for permission to file a surreply brief is **GRANTED in part** and **DENIED in part**. To the extent that Plaintiff's submission serves as a surreply to portions of Defendant Cliett's motion for summary judgment, Plaintiff's request is **granted** and the proposed surreply brief (Doc. 133-2) is accepted for that purpose.

Plaintiff's remaining requests within the proposed surreply include a stay on the Court's ruling on Defendant Cliett's motion for summary judgement until the Wellpath Defendants' discovery is complete; class certification and appointment of class counsel; and a declaratory judgment against the Department of Corrections regarding library access. *See* (Doc. 133, p. 3-4; Doc. 133-2, p. 5-6). The Court will not delay ruling on the motion for summary judgment based on another defendant's posture in the case, and the Court cannot order a declaratory

1

judgment against a non-party on a claim not before the Court. As to Plaintiff's request for class certification[1] and appointment of class counsel, he has failed to explain who the class members would be, which of his remaining claims would be involved, or anything else related to a class action as contemplated by Rule 23 of the Federal Rules of Civil Procedure. Moreover, a prisoner proceeding *pro se* is not, as a matter of law, an adequate class representative and may not litigate on behalf of others. *See Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2011). Based on the foregoing, the remaining grounds for relief that Plaintiff included in his request for permission to file a surreply are **denied**.

*Motion for Extension of Discovery (Doc. 136)*

Plaintiff moves to extend to discovery as to Defendants Taylor and Wellpath. (Doc. 136). Defendant's motion is **GRANTED in part.** As to Defendant Wellpath, the discovery period is hereby extended as requested until October 21, 2025. Dispositive motions are due by November 21, 2025.

As noted below, however, Defendant Taylor has filed a motion to dismiss based upon the resolution of a bankruptcy action in the Southern District of Texas. (Doc. 141). To accommodate consideration of the motion to dismiss, discovery as to Defendant Taylor is hereby **STAYED**, until either the pending motion to dismiss is resolved or until further Order of the Court.

*Notification of Defendant Taylor's Motion to Dismiss (Doc. 141)*

Before the Court is a motion to dismiss filed by Defendant Taylor. (Doc. 141). Defendant Taylor alleges that he is entitled to dismissal of all claims against him pursuant to

---

[1] Plaintiff has previously requested and been denied class certification. (Docs. 98, 101, 106).

a Plan[2] confirmed by the United States Bankruptcy Court for the Southern District of Texas because Plaintiff failed to opt-out of the Plan's Third-Party Release as directed. (*Id.*). Because the bankruptcy has been resolved (Docs. 139, 140), the stay of the case as to Defendants Wellpath and Taylor is hereby **LIFTED**.

The Court is required to advise Plaintiff of the significance of Defendant's motion to dismiss. *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985) (per curiam). In an effort to afford Plaintiff, who is proceeding *pro se*, adequate notice and time to respond to Defendant's motion, the following notice is given.

Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Plaintiff may submit his argument to this Court by filing a brief in opposition to Defendant's motion to dismiss. Unless the Court has granted prior permission, any brief should not exceed 20 pages. M. D. Ga. Civ. R. 7.4. **FAILURE OF PLAINTIFF TO RESPOND TO AND REBUT THE LEGAL ARGUMENTS SET FORTH IN DEFENDANT'S BRIEF MAY RESULT IN THESE STATEMENTS BEING ACCEPTED AS UNCONTESTED AND CORRECT.** The Court could grant judgment to Defendant and there would be no trial or further proceedings.

Accordingly, Plaintiff is NOTIFIED of his right to submit a response brief and submit any affidavits and/or documents that supports his attempts to opt-out of the Third-Party Release. If Plaintiff fails to file a brief in opposition to the motion to dismiss, a final judgment may be rendered against him if otherwise appropriate under law. Any amendment, response brief, affidavits and/or other documents must be filed **WITHIN 21 DAYS** of receipt of this

---

[2] Because the bankruptcy has been resolved (Docs. 139, 140), the stay of the case as to Defendants Wellpath and Taylor is hereby **LIFTED**.

Order. Fed. R. Civ. P. 15(a)(1)(B); M. D. Ga. Civ. R. 7.2. Thereafter, the Court will consider Defendant's motion to dismiss and any opposition to the same filed by Plaintiff, and issue its ruling.

**SO ORDERED**, this 23rd day of September, 2025.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge