IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHN M. FOSTER, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:23-cv-143-TES-CHW |
| COMMISSIONER TIMOTHY C WARD, *et al.*, | : | Proceedings Under 42 U.S.C. § 1983 Before the U.S. Magistrate Judge |
| Defendants. | : | |

## ORDER

Following the filing of a suggestion of bankruptcy, this case was stayed as to Defendants Taylor and Wellpath, LLC[1] on December 11, 2024. (Docs. 107, 110). The bankruptcy court has since lifted the automatic stay. (Docs. 139, 140, 149). Several motions concerning the status of Defendants Wellpath and Taylor and how to proceed in this case are pending before the Court. For the reasons explained below, Plaintiff's motion for hearing (Doc. 145) is **DENIED**, Defendant's motion for reconsideration (Doc. 151) is **GRANTED,** and the case remains stayed as to Defendant Wellpath. However, a hearing is required to address the remaining pending motions (Docs. 141, 148) and Defendant Taylor's status in the case.

Procedural History

In this Section 1983 lawsuit, John Foster, a *pro se* inmate, sued several prison staff members and medical providers at Washington State Prison ("WSP"). (Doc. 1). He later amended and recast his complaint. (Docs. 8, 10). Following screening of Plaintiff's operative recast complaint (Doc 10), a deliberate indifference claim against Defendant Taylor for failing to treat

---

[1] As more fully discussed herein, Wellpath, LLC was previously named Correct Care Solutions, LLC. *See* (Doc. 61, p. 9, 17).

Plaintiff's blood pressure was allowed to move forward. (*Id*.) Another deliberate indifference claim against Defendants Taylor, Ward, and Jackson was permitted to move forward for failing to provide Plaintiff with a bottom bunk profile and then later failing to adhere to that profile. (Docs. 15, 21). Plaintiff was also allowed to proceed on a retaliation claim against Defendants Ward and Jackson for threatening Plaintiff because he filed grievances about the bottom bunk profile. (*Id*.) When the screening recommendation was reviewed, the Court overruled the recommendation that Connect Care/Wellpath be dismissed and allowed Plaintiff to proceed on his deliberate indifference claim alleging that Connect Care/Wellpath had a policy or custom of failing to treat inmates. (Doc. 21, p. 7-8). All other claims were dismissed. *See* (Docs. 15, 21).

Plaintiff has attempted to amend and supplement his complaint many times. (Docs. 50, 55, 62, 66, 69, 76, 81, 105). Plaintiff was permitted to add a deliberate indifference claim against Defendant Cliett for refusing him access to treatment for a shingles infection at WSP and against Wellpath concerning the lack of treatment he received for shingles once transferred to Dooly State Prison (Doc. 61, 68), but his other attempts to amend were denied. *See* (Docs. 61, 68, 76, 88, 110).

Summary judgment in favor of Defendants Ward and Jackson has been entered (Docs. 115, 121). Defendant Cliett's motion for summary judgment is pending before the Court. (Doc. 122). Defendant Taylor has filed a motion to dismiss (Doc. 141), and Defendant Wellpath argues that the case should remain stayed based upon the bankruptcy court's orders. *See* (Doc. 151).

*Service History and Status of Defendants Taylor and Wellpath*

Defendant Wellpath was formerly known as Correct Care, LLC, which is how the company was listed when service paperwork was first issued following screening. (Docs. 54); *see also* (Doc. 61, p. 9). Waivers of service for Defendants Taylor and Correct Care were first issued on August 23, 2023, and September 26, 2023, respectively. (Docs. 16, 25). Both had to be assigned to the

2

U.S. Marshals Service for personal service. (Docs. 33, 46-49). Defendant Taylor was personally served on November 6, 2023. (Doc. 39). When a deputy U.S. Marshal learned that Correct Care was now known as Wellpath and that Defendant Taylor could not accept service on Wellpath's behalf, he reached out to a Wellpath representative to learn a good address for purposes of service on December 12, 2023. (Doc. 54, p. 2). A handwritten note reflects that an address for the Wellpath contact was provided on January 9, 2024 (*id.*), but it is unknown how that information was used in the service process.

Despite knowing that the Court was facilitating service on defendants, Plaintiff regularly continued to follow-up regarding service. *See* (Docs. 45, 58). In response to one of those inquiries, the Court recognized Wellpath as the correct entity for Plaintiff's claims. (Doc. 61, p. 9). Using the information provided on the Georgia Secretary of State's website for Wellpath's registered agent, the Court directed the Clerk's office to re-issue a request for waiver of service to Wellpath at that address. (*Id.*) Wellpath was added as party on the docket on April 4, 2024, but for reasons unclear from the docket, the waiver request was not issued until July 23, 2024, and was not mailed until August 6, 2024. (Docs. 79, 83). When the waiver was returned unexecuted, the U.S. Marshals Service was again assigned to personally serve Wellpath. (Docs. 92, 96, 102). The paperwork was forwarded to the Marshals Service in the Northern District of Georgia for service. (Doc. 102). Wellpath was personally served on November 1, 2024. (Doc. 108).[2]

---

[2] Contrary to Wellpath's belief that the claims against it have been pending only since April 2024 (*see* Doc. 151, p. 1-2, n. 2)), a least one claim against Connect Care/Wellpath has been pending since the first screening recommendation was considered in September 2023. (Doc. 21). Despite being contacted by a U.S. Deputy Marshal who was trying to effect service in December 2023, being represented by the same law firm as Defendant Taylor who was served in November 2023, and knowing that waiver of service is encouraged in federal cases, Wellpath took no steps to waive service and had to be personally served. Although the procedural history in this case is complicated and tortured, (*see* (Doc. 150, p. 1-2, n. 2)), Plaintiff, an indigent *pro se* inmate, bears no blame for any service delay.

Because Defendant Taylor had not answered Plaintiff's complaint, the Court directed the Court to enter a default against him on September 16, 2024. (Doc. 88). Without addressing or moving to set aside the default, Defendant Taylor answered Plaintiff's complaint on October 14, 2024. (Doc. 100). Prior to resolving his default status, on November 19, 2024, Defendant Taylor filed a suggestion of bankruptcy as to Wellpath's pending bankruptcy. (Doc. 107). Pursuant to an automatic stay order (Doc. 107-2), the case was stayed as to Defendants Taylor and Wellpath. (Doc. 110). Counsel for Defendant Taylor, who also represents Wellpath, was ordered to provide status reports to the Court until the say was lifted. (*Id*.)

When Defendant Taylor filed his May 2, 2025, status report, the automatic stay remained in effect. (Doc. 129). Defendants Taylor and Wellpath filed an answer on May 21, 2025, without commenting on the bankruptcy or explaining why Defendant Taylor was filing a second answer. (Doc. 132). After the Court itself became aware of the confirmation plan and the bankruptcy case's status through other cases, on June 24, 2025, the Court ordered Defendants Taylor and Wellpath to provide a status report by July 1, 2025. (Doc. 134). They failed to comply as directed, and the Court *again* directed them to file a status report. (Doc. 138).

Defendants Wellpath and Taylor filed a status report and notice of discharge and injunction on August 26, 2025. (Doc. 139, 140). On September 2, 2025, Defendant Taylor filed a motion to dismiss because Plaintiff had not timely filed to opt-out of the third-party release. (Doc. 141). This motion did not mention Wellpath. (*Id*.) The Court provided Plaintiff notice of the motion to dismiss and lifted the bankruptcy stay, but stayed the case as to Defendant Taylor pending the outcome of the motion to dismiss and granted Plaintiff's request to extend discovery as to Wellpath. (Doc. 142). Plaintiff responded to Defendant Taylor's motion to dismiss, argued that he had not received timely notice of the opt-out procedures, and suggested defense counsel was to blame. (Doc. 143).

4

Plaintiff thereafter moved in the bankruptcy court to opt-out, and that request was granted. (Doc. 148-3).

In addition to Defendant Taylor's motion to dismiss (Doc. 141), now pending before the Court are Plaintiff's request for a hearing to hold defense counsel in contempt (Doc. 145), motion for discovery extension (Doc. 148), and request for a declarative order. (*Id.*) Defendant Taylor and Wellpath opposed Plaintiff's request for hearing and have moved the Court to reconsider its decision to lift the stay as to Wellpath. (Doc. 151). Wellpath also filed another answer (Doc. 150) out of an abundance of caution (*id.*, p. 1-2, n. 2), despite having previously answered the complaint. *See* (Doc. 132).

*Plaintiff's Motion for Hearing (Doc. 145)*

Plaintiff contends a hearing is necessary to address defense counsel's "purposeful misconduct" surrounding Plaintiff's lack of notice about the bankruptcy court's order and how Plaintiff may proceed with his claims against Defendants Taylor and Wellpath. (Doc. 148). While the case's procedural history no doubt has frustrated Plaintiff, it does not provide a basis for contempt or sanctions against Defendant Taylor and Wellpath's counsel. There is no suggestion that counsel in *this* case was required to notice Plaintiff about proceedings in the bankruptcy court. Even assuming counsel in this case was responsible for notifying Plaintiff as he alleges, this Court is not in a position to sanction counsel for actions and orders entered in another court. Moreover, Plaintiff has now been permitted to opt out by the bankruptcy court. (Doc. 148-3). As for his claims about Wellpath, as explained below, Plaintiff is not yet foreclosed from proceeding, despite additional steps that must be taken. Accordingly, there is no basis to impose sanctions against Defendant Taylor and Wellpath's counsel. Plaintiff's motion for hearing (Doc. 145) is **DENIED**.

*Defendant Taylor and Wellpath's Motion for Reconsideration (Doc. 151)*

Defendants Taylor and Wellpath filed a motion for reconsideration of the Court's order lifting the stay in this case and ordering that discovery may commence against Defendant Wellpath. (Docs. 142, 151). Having reviewed the entire docket to piece together Defendant Taylor and Wellpath's procedural posture, it appears that Wellpath has correctly noted that Plaintiff's claims against it should remain stayed unless and until he complies with the requirements set forth in the confirmation order and in the order regarding lift of stay motions. *See* (Doc. 139, ¶ 5). While the automatic stay is no longer in effect, Plaintiff's claims against Wellpath are subject to the Trust Distribution Procedures ("TDPs") instituted by the bankruptcy court, even if Plaintiff seeks to proceed nominally against Wellpath. *Id.*; (Doc. 139-1). Although Plaintiff's out-of-time request to opt-out of the Third-Party Release regarding his claims against Defendant Taylor was granted, nothing in the record shows that Plaintiff has complied with the bankruptcy court's directives about continuing his claims as to Wellpath. Therefore, the motion for reconsideration (Doc. 151) is **GRANTED**. The case, and discovery, is stayed against Defendant Wellpath unless and until Plaintiff demonstrates compliance with the Trust Distribution Procedures.[3]

*Remaining Pending Motions (Docs. 141, 148)*

Two motions thus remain for the Court's consideration: Plaintiff's motion for extension of discovery (Doc. 148)[4] and Defendant Taylor's motion to dismiss (Doc. 141). Because the bankruptcy court granted Plaintiff's out-of-time request to opt-out (Doc. 148-3), Defendant

---

[3] As indicated in Wellpath's latest answer, a motion is pending before the bankruptcy court to further clarify whether the bankruptcy discharge requires dismissal of Plaintiff's claims against Wellpath. (Doc. 150, p. 1, n. 1).

[4] Plaintiff explains that he sent discovery requests to Defendants Taylor and Wellpath following the filing of the May 12, 2025, answer. (Doc. 148). The Court does not fault Plaintiff, a *pro se* inmate, for believing that the discovery period had begun, but at the time Plaintiff sent his discovery requests the case remained stayed in this Court, and Defendants Taylor and Wellpath had no obligation to answer the discovery. However, it appears that the discovery requests were received. *See* (Doc. 151).

Taylor's motion to dismiss is likely moot. Additionally, Defendant Taylor has never resolved the default that was entered upon the docket on September 16, 2024. *See* Docket. Thus, prior to resolving the motion to dismiss or lifting the discovery stay as to Defendant Taylor, a hearing is necessary to address Defendant Taylor's status in this case.

Accordingly, Defendant Taylor, his counsel, and Plaintiff are **ORDERED** to appear at 10:00 a.m. on Thursday, December 11, 2025, in Courtroom E of the William Augustus Bootle Federal Courthouse, 475 Mulberry Street, Macon, Georgia Macon, Georgia. The Clerk of Court is **DIRECTED** to prepare an appropriate order for the production of Plaintiff John M. Foster, a state prisoner, at this hearing.

**SO ORDERED,** this 31st day of October, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge