IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHN M. FOSTER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:23-cv-143-TES-CHW |
| | : | |
| COMMISSIONER TIMOTHY C WARD, *et al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| | : | |
| Defendants. | : | |
| _____ | : | |

# **ORDER**

As directed, counsel for Defendants Taylor and Wellpath LLC, Defendant Taylor, and Plaintiff John Foster appeared before the Court on December 11, 2025, for a hearing concerning the status of the bankruptcy stay and pending motions. *See* (Doc. 152); *see also* (Docs. 141, 148). After the Court scheduled the hearing, Defendant Taylor moved to set aside the default against him (Doc. 156) and Plaintiff filed three miscellaneous motions. (Docs. 158-160). All pending motions relating to Defendants Taylor and Wellpath were resolved during the hearing.

*Status of Defendant Wellpath*

Although the automatic bankruptcy stay has been lifted, defense counsel informed the Court that Wellpath, LLC, is no longer the proper party entity moving forward, as a liquidating trust has been created to succeed Wellpath. A motion regarding Wellpath's responsibility to answer discovery in litigation also remains pending in the bankruptcy court. Plaintiff, appearing *pro se*, informed the Court that a telephonic hearing has been

scheduled in the bankruptcy court for December 16, 2025, to address his claims against Wellpath. Defense counsel will submit a motion to substitute the proper party and will provide an update to the Court on the pending motion once a ruling is issued by the bankruptcy court. To accommodate the parties until further action is taken in the bankruptcy court, the case **REMAINS STAYED** as to Defendant Wellpath.

*Status of Defendant Taylor*

The bankruptcy court set forth opt-out procedures for litigants, including Plaintiff, who had claims against Wellpath employees, and when Plaintiff had not opted-out by the deadline, Defendant Taylor moved to dismiss Plaintiff's claims. (Doc. 141). However, Plaintiff requested and was granted an out-of-time opt-out by the bankruptcy court. (Doc. 148-3). Defendant Taylor agrees that the motion to dismiss is now moot and has orally withdrawn the motion to dismiss on that basis. Therefore, Defendant Taylor's motion to dismiss (Doc. 141) is **TERMINATED as moot**. Because Plaintiff's claims may move forward against Defendant Taylor and the automatic stay has been lifted by the bankruptcy court, the case and discovery stays in this Court are **LIFTED** as to Defendant Taylor.

Following the scheduling of the status hearing, Defendant Taylor moved to set aside the default that was entered upon the docket on September 16, 2024. (Docs. 88, 156). Plaintiff lodged no opposition and orally consented to lifting the default so that discovery may proceed. Therefore, Defendant Taylor's motion to set aside default (Doc. 156) is **GRANTED**.

*Discovery as to Defendant Taylor*

The discovery period as to Defendant Taylor begins December 11, 2025, and runs for 90 days, until <u>March 11, 2026</u>. Dispositive motions are due <u>April 10, 2026</u>. Discovery shall be governed by the Federal Rules of Civil Procedure and as described in the Court's screening orders and recommendations. *See* (Doc. 15, p. 16-17; Doc. 61, p. 20-22). Defense counsel has confirmed receipt of Plaintiff's previous discovery requests sent while the case was stayed as to Defendant Taylor but has waived the requirement for Plaintiff to re-serve those requests. As discussed at the hearing, for purposes of Defendant Taylor's response period, those requests are deemed to have been received as of December 11, 2025.

Based on the setting of this discovery period for Defendant Taylor, Plaintiff's motion for extension of discovery (Doc. 148) is **TERMINATED as moot**.[1]

*Plaintiff's Miscellaneous Motions*

Prior to the hearing, Plaintiff filed three motions, two motions for declaratory orders regarding issues not germane to this case (Docs. 158, 159) and a motion for leave to file supplemental complaint in which Plaintiff moves to add the Georgia Department of Corrections to the case. As explained by the Court in previous orders and at the hearing, these unrelated claims are prohibited by Rule 20 of the Federal Rules of Civil Procedure, and the Georgia Department of Corrections is not subject to suit under 42 U.S.C. § 1983. Plaintiff's motions (Docs. 158-160) are **DENIED**.

---

[1] A previous discovery motion (Doc. 136) remains pending on the docket. The Court addressed that motion in a previous order (Doc. 142) but then revisited that decision when granting Defendants' motion for reconsideration. *See* (Doc. 152). Accordingly, the Clerk of Court is **DIRECTED** to **TERMINATE** the motion. (Doc. 136).

## CONCLUSION

For reasons explained above and at the December 11, 2025 status hearing, the case **REMAINS STAYED** as to Defendant Wellpath, but the stay is **LIFTED** as to Defendant Taylor; Defendant Taylor's motion to dismiss (Doc. 141) is **TERMINATED as moot**; Defendant Taylor's motion to set aside default (Doc. 156) is **GRANTED**; and Plaintiff's miscellaneous motions (Docs. 158, 159, 160) are **DENIED**. Based upon the discovery period described above, Plaintiff's motion for extension of time to complete discovery (Doc. 148) is **TERMINATED as moot**.

Because the Court previously addressed another discovery motion (Doc. 136), the Clerk of Court is **DIRECTED** to **TERMINATE** the motion upon the docket.

**SO ORDERED,** this 11th day of December, 2025

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge