IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JOHN M. FOSTER,** | |
| *Plaintiff,* | **Case No. 5:23-cv-00143-TES-CHW** |
| **v.** | |
| | **Proceedings Under 42 U.S.C. § 1983** |
| **COMMISSIONER TIMOTHY C WARD,** *et al.,* | **Before the U.S. Magistrate Judge** |
| *Defendants.* | |

ORDER ADOPTING THE UNITED STATES
MAGISTRATE JUDGE'S RECOMMENDATION

On January 14, 2026, the United States Magistrate Judge filed a Report and Recommendation ("R&R") and ultimately recommended that Defendant Asia Cliett's Motion for Summary Judgment [Doc. 122] be granted. [Doc. 170]. Pursuant to 28 U.S.C. § 636(b)(1)(C), the magistrate judge allowed Plaintiff 14 days within which to file any objections to the R&R. [Doc. 170, p. 12]. On February 5, 2026, Plaintiff John M. Foster filed a Motion for Extension of Time to File an Objection [Doc. 173]. The Court granted his Motion the next day and extended Plaintiff's deadline to object to February 26, 2026. [Doc. 176]. Plaintiff filed his objections on February 17, 2026. [Doc. 178].

In light of Plaintiff's timely Objection, the Court conducts a de novo review of those portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1)(C).

In his Objection, Plaintiff raises several concerns that he has with the R&R. First, Plaintiff argues that he did, in fact, file a response to Defendant's Statement of Material Facts. [Doc. 178, p. 1].  It does appear that Plaintiff filed a Request for Permission to File Surreply Motion, which included his response to Defendant's Statement of Material Facts, on June 12, 2025. [Doc. 133]. The magistrate judge granted Plaintiff's Request on September 23, 2025, thus making Plaintiff's response timely. [Doc. 142]. Therefore, the Court will consider Plaintiff's response to Defendant's Statement of Material Facts. And, for the sake of fairness, it should be noted that the magistrate judge also accepted Plaintiff's version of facts as true for purposes of the summary judgment motion. *See generally* [Doc. 170].

Even considering Plaintiff's Response [Doc. 133-2] and construing all facts in the light most favorable to Plaintiff, Plaintiff does not overcome the magistrate judge's findings. Most of Plaintiff's objections center around prison conditions in line with those described in the United Stated Department of Justice's October 1, 2024, Investigations in Georgia Prisons.[1] What Plaintiff fails to do, however, is tie any factual allegations specifically to Defendant Cliett's conduct at issue in the instant motion for summary judgment. In fact, Defendant Cliett is sparsely mentioned in Plaintiff's objections. Plaintiff does mention Defendant Cliett specifically to complain that he objects to the magistrate judge's finding that no staff told Defendant Cliett that he

---

[1] *See* https://www.justice.gov/crt/media/1371406/dl.

needed immediate medical care. [Doc. 178, pp. 3, 5]. However, Plaintiff offers absolutely no evidence to contravene the magistrate judge's conclusion beyond just his objection. The Court can't just take Plaintiff's word for it.

Plaintiff also complains that "[he] and others have sat for days at Medical, but couldn't be seen . . ." [Doc. 178, p. 6]. However, Plaintiff is unable to overcome the causation issues with his case. Even assuming that Defendant Cliett acted with deliberate indifference, Plaintiff offers no evidence to establish a causal connection between Defendant Cliett's conduct and any alleged injury as correctly noted by the magistrate judge. [Doc. 170, p, 11]. Plaintiff needs to show that this delay exacerbated his symptoms and caused additional complications, which he has not done despite having multiple opportunities to do so.

Additionally, Plaintiff objects to the magistrate judge's finding that he did not support his claim against Defendant Cliett with medical evidence. [Doc. 178, p. 8]. This, however, is true by Plaintiff's own admission. *See* [Doc. 122-1, p. 41]. Plaintiff himself admits that he has no copies of his medical files, much less any expert to tie any injury to delayed treatment of his shingles. [Doc. 178, p. 8]. *See King v. Lawson*, 2024 WL 3355179 (11th Cir. 2024) (" . . . [I]n order to defeat summary judgment on his deliberate indifference claim, [Plaintiff] needed to 'place verifying medical evidence in the record to establish the detrimental effect of [the] delay in medical treatment.'"); *Wingo v. WellStar Health System, Inc.*, 160 F.4th 1184, 1187 (11th Cir. 2025) ("When the issue of

causation presents a medical question outside a layperson's ordinary experience, expert testimony is necessary for [a 1983 claim].").

At the end of the day, Plaintiff's objections don't do much to help his case. The magistrate judge's conclusion that "[b]ecause Plaintiff cannot establish that Defendant Cliett acted with deliberate indifference to a serious medical need or that any delay in treatment caused by Cliett's alleged deliberate indifference resulted in damages, Defendant is entitled to qualified immunity and judgment as a matter of law" is supported by the record and uncontroverted by Plaintiff's objections. [Doc. 170, pp. 11–12]. Accordingly, the Court **ADOPTS** the United States Magistrate Judges Report and Recommendation [Doc. 170] and **MAKES IT THE ORDER OF THE COURT**. Consequently, the Court **GRANTS** Defendant Cliett's Motion for Summary Judgment [Doc. 122].

**SO ORDERED**, this 13th day of March, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

4