**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **JOHN M. FOSTER,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No. 5:23-cv-143-TES-CHW** |
| **COMMISSIONER TIMOTHY C WARD, *et al.*,** | : | **Proceedings Under 42 U.S.C. § 1983 Before the U.S. Magistrate Judge** |
| **Defendants.** | : | |

**ORDER**

Pending before the Court are several motions filed by both parties in this case. (Docs 187, 191, 195, 196, 198, 200, 202, 203). The purpose of this order is not only to resolve all motions except for the pending motion for summary judgment, but also to address Plaintiff's repeated attempts to expand the claims of this case, to resolve the outstanding discovery disputes, and to set a final dispositive motion timeline such that this case may finally reach its conclusion.

Procedural History and Background Summary

In this Section 1983 lawsuit, filed in April 2023, John Foster, a *pro se* inmate, sued several prison staff members and medical providers at Washington State Prison. (Doc. 1). He later amended and recast his complaint. (Docs. 8, 10). Following screening of Plaintiff's operative recast complaint (Doc. 10), a deliberate indifference claim against Defendant Taylor for failing to treat Plaintiff's high blood pressure was allowed to move forward. (Docs. 15, 21). Another deliberate indifference claim against Defendants Taylor, Ward, and Jackson was permitted to move forward for failing to provide Plaintiff with a bottom bunk profile and then later failing to adhere to that profile. (*Id.*) Plaintiff was also allowed to proceed on a retaliation claim against Defendants

Ward and Jackson for threatening Plaintiff because he filed grievances about the bottom bunk profile. (*Id.*) When the screening recommendation was reviewed, the Court overruled the recommendation that Connect Care/Wellpath be dismissed and allowed Plaintiff to proceed on his deliberate indifference claim alleging that Connect Care/Wellpath had a policy or custom of failing to treat inmates. (Doc. 21, p. 7-8). All other claims were dismissed. *See* (Docs. 15, 21).

Following the initial screening of Plaintiff's claims, Plaintiff attempted to amend and supplement his complaint many times. (Docs. 50, 55, 62, 66, 69, 76, 81, 98 105, 158-160). Plaintiff was permitted to add a deliberate indifference claim regarding how Plaintiff was treated for shingles against Defendant Cliett at Washington State Prison and against Wellpath once Plaintiff arrived at Dooly State Prison, but his other attempts to amend or have this action certified as a class action have been denied. *See* (Docs. 61, 68, 76, 88, 101, 105, 106, 110, 166).

Defendants Ward, Jackson, and Cliett previously moved for and were granted summary judgment. (Docs. 71, 115, 121, 122, 170, 181). Pursuant to an automatic stay order from the Bankruptcy Court for the Southern District of Texas (Doc. 107-2), the case was stayed as to Defendants Taylor and Wellpath.[1] (Doc. 110). The automatic stay has been lifted by the bankruptcy court. (Doc. 149-2). Following a December 2025 hearing, the stay in this Court was lifted as to Defendant Taylor, the Wellpath Liquidating Trust was substituted in place of Wellpath, and Wellpath was dismissed without prejudice. *See* (Docs. 166, 175, 177, 179). During the stay, Plaintiff served discovery upon Defendant Taylor and Wellpath. Defendant Taylor waived renewed service of the discovery, and he and Plaintiff engaged in a period of discovery, which is the subject of the pending motion to compel. The discovery served upon Wellpath during the stay has gone unanswered and will be addressed below. Defendant Taylor has moved for summary

---

[1] For a more detailed procedural history regarding the service and appearances of Defendant Taylor and Wellpath, please see the Court's October 31, 2025 order. (Doc. 152).

judgment. (Doc. 191). However, several of Plaintiff's motions concerned the substance of Defendant Taylor's discovery responses and other discovery issues, so the Court stayed Plaintiff's time for responding to the summary judgment motion until the discovery-related motions were resolved.

Defendant's Attempts to Amend, Add, or Renew Claims

*Rule 60 Motions (Doc. 200)*

As he has throughout the life of this case, Plaintiff again attempts to renew dismissed claims and amend this case to vastly expand the scope of his claims, this time by couching his request as Rule 60 motions. (Doc. 200). Plaintiff seeks to renew claims which allege he is being wrongfully denied his social security benefits and is being held in involuntary servitude based upon a scheme or conspiracy on the part of the State to keep aging inmates, like Plaintiff, incarcerated in order to collect those inmates' government benefits. *See* (*id.*; Doc. 202). Between the pending case and closed cases, these claims have been considered and dismissed. *See, e.g.*, *(*Docs 160, 166) (denying amendment of Plaintiff's "mass incarceration for cash" claims); *see also Foster v. John or Jane Doe, et al.*, 5:22-cv-129-TES-CHW (M.D. Ga. Sept. 29, 2022) and *Foster v. United States*, 5:22-cv-424-TES-CHW (M.D. Ga. Mar. 22, 2023)) (both dismissing Plaintiff's claims related to Social Security benefits).[2] Additionally, imbedded throughout his other pending motions, Plaintiff continues to complain of other issues which have previously been rejected as claims and amendments in this case, such as reduced law library access (Doc. 187, p. 1; Doc. 202, ¶ 3); conditions of confinement (Doc. 187, p. 1, 5; *see generally* Doc. 202; Doc. 203, p. 2-3); widespread prison violence (Doc. 187, p. 1, 4-5; Doc. 202, p. 2, ¶ 5); and the legality of his conviction and imprisonment[3] (Doc. 196, ¶¶ 2-3; Doc. 203, ¶¶ 15, 20, 21). He also challenges the constitutionality

[2] Plaintiff acknowledges these previous cases were dismissed without prejudice. (Doc. 202, ¶¶ 9, 10).
[3] Plaintiff was advised that the only way to challenge his conviction and sentence was through a petition

of the Prison Litigation Reform Act (*see* (Doc. 203, p. 4. ¶ 11, p. 7)) and the State of Georgia's parole board's decision to deny his parole. (*Id.*, p. 5, ¶ 13, p. 8). As recounted in the procedural history summary above, Plaintiff has repeatedly attempted to amend his complaint to add these issues into the pending case as a single cause of action. Nothing that he has presented in any current pending motion provides a permissible basis under Rule 20(a) of the Federal Rules of Civil Procedure for renewing or adding these claims in this pending matter.

For the reasons that have been explained in the previous orders denying Plaintiff's attempts to amend (*see* (Docs. 61, 68, 76, 88, 101, 105, 106, 110, 166)), in the cases previously disposing of Plaintiff's claims, and directly to Plaintiff at the December 2025 hearing (Doc. 179, p. 15-19), Plaintiff's motion to reopen or otherwise amend the claims in this case, which he labeled as Rule 60 motions (Doc. 200),[4] is **DENIED**.

The only claims remaining before the Court are the deliberate indifference claims against Defendant Taylor concerning his treatment of Plaintiff's blood pressure and failure to provide Plaintiff a bottom bunk profile at Washington State Prison and against Wellpath alleging that Connect Care/Wellpath had a policy or custom of failing to treat inmates at Washington State Prison and a lack of treatment for Plaintiff's shingles upon his transfer to Dooly State Prison.

Throughout this case, the Court has explained to Plaintiff why the claims he now seeks to renew and add are not properly joined in this case, yet he continues to file motions requesting this relief. Plaintiff is **ADVISED** that continued attempts to amend his complaint could subject him to sanctions, including dismissal of his remaining claims.

---

for habeas corpus. *Foster v. United States*, 5:22-cv-424-TES-CHW (M.D. Ga. Mar. 22, 2023) (Doc. 7, p. 7).

[4] Plaintiff requested leave to file a surreply regarding his Rule 60 motions. (Docs. 200, 202). After Plaintiff filed the motion (Doc. 200), Defendant Taylor responded (Doc. 201), and Plaintiff's brief (Doc. 202) is a reply to original motion, for which leave of court is not required. Therefore, Plaintiff's request for permission to file surreply arguments (Doc. 202) is **DISMISSED AS MOOT**.

## Discovery Related Motions

*Motion to Compel (Docs. 187)*

Plaintiff has filed a motion to compel Defendant Taylor and Wellpath's compliance with his discovery requests. (Doc. 187). As a threshold matter, Plaintiff's motion procedurally fails because generally this Court does not entertain motions to compel absent a certificate that the movant first attempted to confer, in good faith prior to filing the motion, with the opposing parties to seek the requested information without court action. Fed. R. Civ. P. 37; Local Rule 37. In support of his motion, Plaintiff relies upon defense counsel's admission that Plaintiff's prior discovery requests to Defendants Taylor and Wellpath were received, and a March 2026 letter to defense counsel about Defendant Taylor's responses. (Doc. 187-3). This letter does not comply with the rule. Thus, Plaintiff's motion is unaccompanied by the required certificate that the parties specifically attempted to resolve any dispute in anticipation of a motion to compel. This Court could end its consideration of the motion here. However, due to the lengthy procedural history of this case, the Court will address the general discovery concerns raised in the motion in order to move this case forward.

1. Defendant Taylor

Plaintiff's initial motion raises Defendant Taylor's failure to answer Plaintiff's discovery requests, but Plaintiff's status report demonstrates that Defendant Taylor has responded to Plaintiff's discovery requests and that Plaintiff has received his responses. (Doc. 193, ¶ 2) ("On May 19, 2026, I received Dr. Taylor's response to the Interrogatories…").[5] Plaintiff now primarily challenges the thoroughness and veracity of Defendant Taylor's responses and also asks that

[5] Defendant Taylor's response to the motion to compel references attached discovery responses as Exhibits A and B (Doc. 190, p. 2-3), but no exhibits were attached. However, as cited, Plaintiff's status report reflects that he received the responses.

Defendant Taylor be permitted to answer the questions on his own and without his attorney's assistance. *See, e.g.*, (Doc. 187, ¶ 5) (complaining that Defendant Taylor's answer regarding treatment dates is untruthful) and (Doc. 193*,* ¶¶ 2-3) ("He still refuses to answer any question about violence occurring daily…. There's no way Dr. Taylor does not himself, have an "opinion" about that….But until the [attorney] gets out of the way, it's not going to happen.") (emphasis in original).

There is no suggestion that Defendant Taylor's responses are unresponsive or that the responses are improper under the discovery rules. The objections are plainly stated, and a response is given to each individual request. The larger issue is that many of the responses the Plaintiff complains about are not relevant to the claims that remain pending in this case – whether Defendant Taylor was deliberately indifferent regarding Plaintiff's bunk profile and treatment of his high blood pressure. Instead, many of the highlighted "insufficient" responses ask Defendant Taylor about general conditions of confinement or violence in prison and not about issues related to the alleged deliberate indifference claims. A party need not respond to requests that are irrelevant to the pending claims. In this instance, however, Defendant Taylor still endeavored to provide a response.

To the extent Plaintiff complains that Defendant Taylor's responses about specific treatment are incorrect or untruthful, that is a matter for Plaintiff to argue in a response to a dispositive motion or at trial and not in a motion to compel. *See, e.g.*, *Mystique, Inc.*, *v. 139 International, Inc.*, 2011 WL 13173601, *8, n. 10 (S.D. Fla. Aug. 31, 2011) ("Plaintiff also complains that Defendant…provided inaccurate or unresponsive…answers and…untruthful testimony. But these allegations do not go to [whether Defendant intentionally disregarded Court ordered discovery]. Inconsistencies and the like can be used for impeachment purposes at a later

date.") Because Defendant Taylor has responded to Plaintiff's requests for discovery, Plaintiff's motion to compel as it relates to Defendant Taylor is **DENIED**.

Plaintiff suggested that he has more discovery requests to serve upon Defendant Taylor. (Doc. 193, p. 2) ("And since I have 12 more questions I can ask Dr. Taylor, I am going to mail him some more.") The discovery period as to Defendant Taylor expired in May 2026 (Doc. 185), and a summary judgment motion is pending. (Doc. 191). Discovery between Plaintiff and Defendant Taylor is now closed.

2. Wellpath Discovery

As outlined by the bankruptcy court, the Wellpath Liquidating Trust ("Trust") has been substituted for Wellpath, LLC, in this case. (Docs. 175, 177). However, the bankruptcy court, in both the order regarding the Trust's role in ongoing litigation (Doc. 175-1) and in an order entered specifically at Plaintiff's inquiry (Doc. 193-1), has permitted third-party discovery against Wellpath, LLC in this case. Counsel for Wellpath, who is the same counsel for Defendant Taylor, acknowledged that third-party discovery is permitted. (Doc. 197). Counsel also previously admitted that Plaintiff's discovery requests served during the stay had been received. (Doc. 151). At the December 2025 hearing, Counsel also waived any requirements for re-service of the discovery at the hearing, which Plaintiff, and frankly the Court, interpreted as applying not only to Defendant Taylor, but also to Wellpath once the bankruptcy clarified Wellpath's obligation to participate in discovery. Nevertheless, Wellpath has not yet answered the discovery on the grounds that it was not served as third-party discovery after the bankruptcy stay had been lifted. *See* (Doc. 190, p. 4).

In their supplemental response to Plaintiff's status order Wellpath now appears willing to waive any formalities surrounding third-party discovery. (Doc. 197, p. 3-4). Connected to that

concession, defense counsel suggests that Plaintiff be asked to compile the remaining discovery he seeks into a single document, given that "the record has become convoluted by the extraneous issues." (*Id.*, p. 4). While the Court appreciates defense counsel's position, this case will be aided by Wellpath answering the discovery requests that counsel admits have already been received. Therefore, Plaintiff's motion to compel as to Wellpath, LLC is **GRANTED.** Wellpath, LLC shall respond to the prior received discovery requests by December 23, 2026. All third-party discovery must be completed by February 12, 2027.

*Request for Witness Deposition via Video (Doc. 196)*

Along with his motion to compel, Plaintiff asks the Court to permit him to conduct video depositions. (Doc. 196). Plaintiff suggests he needs depositions and live testimony so that the Court can act as referee and get his questions answered. (*Id.*) As was explained above, Plaintiff's attempt to compel further answers and discovery from Defendant Taylor is denied. Along with Defendant Taylor, Plaintiff requests to depose 10 more unnamed individuals, five from Washington State Prison and five from other prisons. (*Id.*, p. 11, ¶ 30). Plaintiff does not name these individuals, and his motion fails to demonstrate how these individuals would contribute relevant information to the remaining claims in this case. Instead, the motion demonstrates Plaintiff's persistence to impermissibly renew or add claims to his case. For the same reasons that Plaintiff's attempts to amend his complaint with irrelevant and unconnected claims are improper, his attempts to take depositions to develop these claims are also improper.

Plaintiff's motion also presents another issue. Even where remote depositions might be authorized under the Rules of Civil Procedure, Plaintiff retains the responsibility of coordinating and paying for the deposition. Plaintiff's *in forma pauperis* status does not relieve him of the burden to pay for the costs of his own discovery efforts. *See, e.g.*, *Easley v. Dep't of Corrs.*, 590

F. App'x 860, 868 (11th Cir. 2014). Plaintiff acknowledges being the party responsible for arranging and coordinated depositions, but he argues that the Court's intervention is the only way that depositions could be conducted because he is incarcerated, and he also suggests Defendants are hostile toward him. (Doc. 196, p. 11, ¶ 32). The motion also is silent about how Plaintiff would pay for the proposed depositions. (Doc. 196). To the extent Plaintiff asks the Court to coordinate, facilitate, or pay for the proposed depositions because he is proceeding *in forma pauperis*, proceeding *pro se*, or incarcerated, the motion fails, and Plaintiff's request for the Court to facilitate witness depositions via video (Doc. 196) is **DENIED**.

*Motion for Hearing (Doc. 198)*

*Request for Clerk Assistance in Obtaining Social Security Evidence (Doc. 203)*

Throughout this case, Plaintiff has sought records relating to government funds and benefits, including Social Security, which the Georgia Department of Corrections (GDC) may have received on behalf of inmates. Plaintiff has filed a motion for hearing regarding evidence of claims he has regarding the amount of Social Security funds received by the GDC (Doc. 198) and a request for the Clerk of Court to facilitate the payment for and receipt of records Plaintiff can obtain via a Freedom of Information Act request with the Social Security Administration. (Doc. 203). Plaintiff also asks the Court to order the State of Georgia to provide information regarding how many Social Security eligible inmates remain incarcerated. (*Id*., p. 6). As the Court has explained herein and in many other orders in this case, even if there were a mechanism for the Clerk of Court to facilitate Plaintiff's request, government funds or benefits received by GDC are not germane to any remaining claim in this case. Plaintiff's motion for hearing (Doc. 198) and request for Clerk assistance (Doc. 203) are therefore **DENIED**.

Briefing Schedule for Defendant Taylor's Motion for Summary Judgment

Plaintiff notified the Court that he received the Court's notice of Defendant Taylor's motion for summary judgment, but he had not received the actual motion. (Doc. 195). He asked that his deadline to response be stayed until he could be served and the discovery issues could be resolved. (*Id*). Defendants explain that they re-served the motion (Doc. 196) and the Court had already stayed Plaintiff's deadline to respond to motion. (Doc. 194). Because the docket reflects that Plaintiff has received the relief requested in his motion for service, the motion (Doc. 195) is **DENIED as MOOT**.

Due to the already lengthy history of this case, out of an abundance of caution, and as a courtesy to the Court, the Court **DIRECTS** that counsel for Defendant Taylor mail another service copy of the motion (Doc. 191) to Plaintiff within 3 days of this order. Because the discovery issues as to Defendant Taylor have been resolved, the briefing for Defendant Taylor's motion for summary judgment is no longer stayed. Plaintiff's response to the motion is due December 23, 2026, and any reply brief is due January 6, 2027.

Status of the Wellpath claims and the Wellpath Liquidating Trust

The bankruptcy court made clear that nothing prevents third-party discovery from taking place between Wellpath, LLC, and Plaintiff, however, it is less clear how claims against Wellpath, LLC might be resolved, given that the Wellpath Liquidating Trust ("Trust") appears only as a nominal defendant.

> "As a nominal defendant, the Trust is not required to file answers, participate in discovery or hearings, or take an active role in any such litigation; *provided, however*, that nothing herein or in the Plan of TDPs shall prevent the Trust from participating in any such case at the direction of the Trustee or engaging in settlement discussions for purposes of determining stipulated Allowed Claim Amounts at the discretion of the Trustee."

(Doc. 193-1, p. 2, ¶ 1).

To aid the Court in setting a final scheduling order and/or dispositive motion deadline in this case, defense counsel is directed to provide a status report proposing the procedural mechanisms under which this case may be resolved, such as by dispositive motion or otherwise, that also complies with the limits placed upon Wellpath and the Trust's participation in the instant litigation. This report is due November 30, 2026.

## CONCLUSION

As discussed above, Plaintiff's motion for surreply (Doc. 202) is **DISMISSED AS MOOT** and motion for service (Doc. 195) is **DENIED as MOOT**. Out of an abundance of caution, defense counsel is **DIRECTED** to mail another copy of the motion for summary judgment to Plaintiff within 3 days of this order. Plaintiff's motion to compel (Doc. 187) is **GRANTED in part and DENIED in part**. Plaintiff's remaining motions (Docs. 196, 198, 200, 203) are **DENIED**.

Plaintiff's response to Defendant Taylor's motion for summary judgment (Doc. 191) is due December 23, 2026, and any reply brief is due January 6, 2027. Wellpath, LLC shall respond to the previously served discovery by December 23, 2026, and all third-party discovery shall be completed by February 12, 2027. Counsel for Defendant Taylor shall file a status report as outlined above by November 30, 2026.

**SO ORDERED,** this 20th day of November, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge